UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LYNETTE MYERS-CLEMENT,<br><br>    Plaintiff,<br><br>    v.<br><br>BATELLE MEMORIAL INSTITUTE,<br><br>    Defendant. | NO. CV-13-5096-SAB<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court is Defendant's Motion for Summary Judgment, ECF No. 17. A hearing on the motion was held on June 11, 2014, in Spokane, Washington. Plaintiff was represented by Paul Burns. Defendant was represented by Heather Yakely.

Plaintiff Lynette Myers-Clement is a former employee of Defendant Batelle Memorial Institute. On August 5, 2013, she filed suit in Benton County Superior Court, alleging gender discrimination and retaliatory discharge under the Washington Law Against Discrimination (WLAD), based on Defendant's alleged failure to hire Plaintiff for an available position because of her gender.[1] Defendant removed the action to the Eastern District of Washington on August

---

[1] In Plaintiff's Opposition to Defendant's Motion for Summary Judgment, she stipulated to the dismissal of her retaliation claim. ECF No. 21 at 2.

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 1

29, 2013. Defendant now moves for summary judgment on Plaintiff's remaining gender discrimination claim.

## MOTION STANDARD

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); Fed. R. Civ. P. 56(c). There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex*, 477 U.S. at 325. If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Id.* at 324; *Anderson*, 477 U.S. at 250.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law School*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

///

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 2

# FACTS

For purposes of Defendant's Motion for Summary Judgment, the Court will view and present the facts in the light most favorable to Plaintiff, the non-moving party.

This action stems from Plaintiff's employment with Defendant from 1985 through August 30, 2012. During her tenure, Plaintiff was consistently promoted and Defendant never questioned her job performance. At the time she was terminated, Plaintiff held the position of Program Manager in the Calibration Research and Accreditation (CR&A) unit.

In 2012, Plaintiff's position was eliminated due to Defendant's implementation of a reduction in force and company reorganization. The reduction occurred because a portion of Defendant's work was given to Department of Energy contractor Mission Support Alliance (MSA), which affected Defendant's budget. Even so, the work that Plaintiff performed in her CR&A unit was not affected by the transfer of work to MSA.

In July 2012, Plaintiff learned she would no longer be the Program Manager, but was informed by her manager, Michelle Johnson, that there was a position available to her for which she was qualified.[2] Plaintiff expressed interest in the position and indicated she would accept that position. The position, however, was given to a younger male, Andy Maine. Mr. Maine is the nephew-in-law of Jim Hilliard, who was chair of the hiring group that decided to not hire Plaintiff for the vacant position.

Prior to the hiring process, Michelle Johnson directed a group of four men to collectively decide who would fill Brenda Wharton's position. Jim Hilliard was instructed by Ms. Johnson to create a chart to identify factors to consider in

---

[2] Brenda Wharton, formerly employed with Defendant in a technician position, took a voluntary layoff, which left her position open.

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 3

evaluating employees for the open position.[3] Mr. Hilliard and the other males each rated ten candidates on a scale of 1-5. None of the men had experience working with all of the candidates; instead, each of them had only worked with some of the candidates. Andy Maine, Mr. Hilliard's kin, received the highest score. Michelle Johnson testified she relied primarily on the chart evaluations conducted by Jim Hilliard in deciding who to hire. There were no female technicians, scientists, or engineers left in Mr. Hilliard's group after Mr. Maine filled the position.

## ANALYSIS

**1.    Washington Law Against Discrimination Claim (WLAD)**

Plaintiff alleges that Defendant failed to hire her or failed to promote her because of her gender in violation of the Washington Law Against Discrimination (WLAD).

### a.    Federal Burden-Shifting Scheme

In analyzing claims under the WLAD, Washington courts have largely adopted the federal burden-shifting scheme announced in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Fulton v. State, Dep't of Soc. & Health Servs.*, 169 Wash.App. 137, 148 (2012). Applying the burden-shifting scheme to this case is appropriate because Plaintiff is bringing an individual, disparate treatment lawsuit, and she lacks direct evidence of discriminatory motive. *See id.* ("This burden-shifting scheme is commonly used where, as here, a plaintiff has brought an individual, disparate treatment lawsuit and she lacks direct evidence of

---

[3] The factors were: (1) RGD Experience; (2) Equipment Operation Aptitude; (3) Animal Studies and Irradiations (3) Team Player Fosters Teamwork; (4) Working in a Highly Structured QA Environment (*i.e.,* NVLAP, DOELAP); (5) NAD Development and Processing; (6) Multi Tasking; and (7) Education/Versatility. ECF No. 22-2, Ex. B.

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 4

discriminatory motive.").

Under this scheme, the plaintiff bears the initial burden of establishing a prima facie case of discrimination. *Id.* If the plaintiff fails to establish a prima facie case, the defendant is entitled to summary judgment as a matter of law. *Id.* On the other hand, if "the plaintiff is successful in establishing a prima facia case, a 'legally, mandatory, rebuttable presumption' of discrimination takes hold and the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its adverse employment action." *Id.* at 149. If the defendant cannot do so, the plaintiff is entitled to an order establishing liability as a matter of law because no issue of fact remains in the case. *Id.* But, if the defendant provides a nondiscriminatory reason for its employment action, the presumption established by the plaintiff's prima facie case is rebutted and it "simply drops out of the picture." *Id.* In such a case, the burden shifts back to the plaintiff to show that the defendant's reason is actually pretext for what, in fact, is a discriminatory motive. *Id.* If the plaintiff cannot do this, the defendant is entitled to judgment as a matter of law. *Id.* "The plaintiff's ultimate burden at trial in a disparate treatment lawsuit is to present evidence sufficient for a reasonable trier of fact to conclude that the defendant's alleged discriminatory motive was more likely than not a substantial factor in its adverse employment action." *Id.*

      b.    **Prima Facie Case of Gender Discrimination**

The Court begins its analysis with whether Plaintiff met her initial burden of establishing a prima facie case of discrimination. Under the WLAD, a prima facie case of employment discrimination alleging disparate treatment has four elements: (1) the employee is a member of a protected class; (2) the employee is qualified for the employment position or performing substantially equal work; (3) the employee suffered an adverse employment action; and (4) similarly situated employees not in plaintiff's protected class received more favorable treatment. *Davis v. West One Auto.Group*, 140 Wash.App. 449, 459 (2007).

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 5

Here, the parties agree that Plaintiff met the first two elements. However, Defendant argues that Plaintiff has not met her burden as to the last two elements. That is, Defendant contends that Plaintiff did not suffer an adverse employment action and that a member outside of Plaintiff's protected class did not receive more favorable treatment.

The record demonstrates, however, that Plaintiff adversely lost her employment with Defendant when she was not selected for the available position, and Andy Maine, a member outside of the protected class, was given the position. As such, Plaintiff has met her burden of establishing a prima facie case. *See Fulton*, 169 Wash. App. at 152 (citation omitted; emphasis in original)("The requisite degree of proof necessary to establish a prima facie case . . . is *minimal* and does not even need to rise to the level of a preponderance of the evidence.").

### c. Defendant's Burden to Articulate Nondiscrimination

Because Plaintiff has met her burden, the burden shifts to Defendant to articulate a legitimate, nondiscriminatory reason for its adverse employment action. *Id.* at 149.

Defendant asserts it has demonstrated a legitimate, nondiscriminatory reason for not hiring Plaintiff because Defendant utilized a hiring committee who objectively evaluated all of the candidates, and the highest rated candidate was chosen. The Court agrees. As such, the burden shifts to Plaintiff to demonstrate pretext.

### d. Plaintiff's Burden to Demonstrate Pretext

To prove pretext, a plaintiff must show that the defendant's articulated reasons (1) had no basis in fact, (2) were not really motivating factors for its decision, (3) were not temporarily connected to the adverse employment action, or (4) were not motivating factors in employment decisions for other employees in the same circumstances. *Id.* at 161.

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 6

Defendant argues that Plaintiff cannot meet her burden of showing pretext for the following reasons: (1) Michelle Johnson made the decision to hire Andy Maine, not Jim Hilliard; (2) Brenda Wharton's position was never filled; (3) the decision to hire Andy Maine occurred after Plaintiff was terminated; and (4) any gender-specific comments made by Mr. Hilliard do not correlate with the decision to select Andy Maine for the open position.

Here, there is sufficient evidence in the record to create a triable issue of fact as to whether Defendant's articulated reasons were "pretext" for gender discrimination. *Nicholson v. Hyannis Air Serv., Inc*., 580 F.3d 1116, 1128 (9th Cir. 2009) (stating that only minimal evidence is required to show pretext and employment discrimination cases are more appropriately resolved by a jury); s*ee also Fulton*169 Wash.App. at 160 (recognizing that a plaintiff's prima facie case, plus evidence sufficient to disbelieve the defendant's explanation, will ordinarily, be sufficient to submit the case to a jury trial).

First, Defendant's argument that the open position was not filled until after Plaintiff left the company is contradicted by the timing of the candidate evaluations. Second, Jim Hilliard's bias toward women in the workplace, if believed by the jury, would support Plaintiff's claims. Finally, the fact that (i) Defendant relied on a subjective evaluation process, (ii) the evaluation was conducted by the all-male committee, (iii) none of the committee members had worked with each of the candidates, and (iv) only male employees remained in Mr. Hilliard's work group, work together to create inferences of gender bias and thus, demonstrate triable issues of fact that preclude summary judgment.

## 2. Conclusion

Because there are genuine issues of material fact as to whether a discriminatory motive more likely than not was a substantial factor in Defendant's decision to not hire Plaintiff to fill the void left by Ms.

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 7

Wharton's position, summary judgment in favor of Defendant is not appropriate.

Accordingly**, IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, ECF No.17, is **DENIED**.

2. Plaintiff's claim for retaliatory discharge is **DISMISSED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this <u>30th</u> day of June, 2014.

_____
STANLEY A. BASTIAN
United States District Judge

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 8